No. 454

FOX et v. MASON et

Ohio Appeals, 9th Dist., Summit Co.

No. 1249. Decided May 6, 1927

147. BILLS & NOTES—Where terms of note provide that there be monthly payments of $30 and after six months, payments of $20 are made and accepted by various holders of note to whom it had been transferred; held: there was an understanding among all the parties that the terms of the note were temporarily modified to that extent and said note was not dishonored for non-payment within the meaning of 8194 GC.

First Publication of this Opinion

PER CURIAM.

A promissory note for $3560.20 was given on Sept. 21, 1920, which was payable in monthly installments of $30.00 each; and provided that if payments were not paid when due, the entire obligation should become due and payable at once, "at the option of the legal holder hereof." A mortgage was given to secure payment of the note.

Before payment became due on said note, the maker thereof and the owner of the premises securing same, sold the premises to other parties who agreed to pay the note. For six months payments were made as provided and thereafter payments were made at $20.00 per month; and after the owner of the note had accepted $20.00 per month for five months the note was transferred to a third party who accepted $20.00 per month for five months.

Then the owner of the note transferred same to plaintiff who accepted $20.00 a month instead of $30.00. The plaintiff then attempted to exercise the option to accelerate payment on the note by bringing action against the owners of the property and the endorsers on the note, but the court found that the owners of the note, having accepted $20 payments instead of $30 payments, the option could not be exercised without first giving notice to the property owners that payments strictly in accordance with the terms of the note would thereafter be insisted upon.

Plaintiff gave such notice and the owners of the property failing to pay in accordance with the terms of the note, plaintiff gave notice of his option to accelerate payment and made demand and gave timely notice to the endorsers and brought this action in the Summit Common Pleas to recover against the endorsers.

The question is whether the note was dishonored by non-payment when it was transferred after the owners of the property began to pay $20 instead of $30 and the various owners of the note accepted same. The first endorser sought to be held was the owner of the note at the time the owners of the premises began to pay $20 a month for five months. The other endorser took the note after such payments of $20 a month had been accepted for five or six months and he continued to accept such payments all the time he had the note and after he sold the note to plaintiff,

he himself collected from the property owners the $20 payments and paid same to plaintiff. On error proceedings from the judgment of the court below, the Court of Appeals held:

1. The trial court was justified in finding that there was a common understanding and agreement among all the parties that the terms of the note would be considered by them as requiring $20 instead of $30 monthly payments; and that while payments were being made in accordance with said agreement said note was not "overdue and unpaid" within the meaning of 8188 GC.

2. While said payments of $20 were being made and accepted in pursuance of an understanding by all parties that the terms of the note were temporarily modified to that extent, said note was not dishonored by non-payment within the meaning of that term as used in 8194 GC. so as to require the holder thereof to make presentment and give notice to the endorsers in order to hold them.

3. The note was not dishonored until plaintiff gave notice of his intention to insist upon payment according to the terms of the note and the property owners failed to comply with said notice; and the prompt notice thereafter given the endorsers was sufficient to establish their liability as endorsers.

4. The judgment of the court below that the endorsers are liable only for payments which became due after the terms of the note had been restored by notice given to owners of said property, is correct.

Judgment affirmed.

(Washburn, PJ., and Funk & Pardee, JJ., concur.)

Attorneys—Commins, Brouse, Englebeck & McDowell for Fox et; Doolittle, Foust & Holden and Sieber, Sieber & Amer for Mason et; all of Akron.